UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MATEO PATISSO,

                    Plaintiff,       <u>MEMORANDUM & ORDER</u>
                                   11-CV-1996(JS)(ARL)

      -against-

LAW OFFICES OF BRUCE E. BALDINGER, LLC,
BRUCE E. BALDINGER, HOWARD A. TEICHMAN,
and PAT GALLER,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Mateo Patisso, <u>pro</u> <u>se</u>
                 57 A Hillwood Drive
                 Huntington Station, NY 11746

For Defendants:    Bruce E. Baldinger, Esq.
                 The Law Offices of Bruce E. Baldinger, LLC
                 365 South Street
                 Morristown, NY 07960

SEYBERT, District Judge:

      Plaintiff Mateo Patisso commenced this action <u>pro</u> <u>se</u>
against the Law Offices of Bruce E. Baldinger, LLC, Bruce E.
Baldinger, Howard A. Teichman and Pat Galler (collectively,
"Defendants") asserting violations of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1962, <u>et</u> <u>seq.</u> ("FDCPA"), and New York
General Obligations Law § 349.  Pending before the Court is
Defendants' motion to dismiss and Plaintiff's motions to
disqualify defense counsel, to hold defense counsel in criminal
contempt, and to strike Defendants' motion to dismiss.  For the

following reasons, Defendants' motion is GRANTED and Plaintiff's motions are DENIED.[1]

<u>BACKGROUND</u>[2]

The claims in this case relate to a lawsuit pending before Judge Peter G. Sheridan in the District of New Jersey. On or about June 18, 2010, Defendant Baldinger commenced that suit against Plaintiff and others asserting seven causes of action in tort: defamation <u>per</u> <u>se</u>, invasion of privacy, injurious falsehood, defamation, trade libel, tortious interference with business, and intentional infliction of emotional distress. (Compl. ¶ 25.) Plaintiff failed to appear in the action, and default judgment was entered against him on September 9, 2010, in the amount of $195,000. (Compl. ¶¶ 27-28.) Immediately thereafter, "Defendant(s)"[3] initiated

---

[1] Also pending are Plaintiff's motions to strike all of Defendants' filings and for summary judgment, and Defendants' motion for leave-to-file sanctions. Since the Court dismisses the Complaint, these motions are all DENIED AS MOOT.

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[3] Plaintiff refers to the Defendants collectively as "Defendant(s)" throughout his Complaint. Thus, the Court is left guessing as to which Defendants Plaintiff is referring. Defendant Galler is the office manager and secretary for Defendant Law Offices of Bruce E. Baldinger, LLC, and Teichman is an attorney licensed to practice in New Jersey who occasionally works with the Law Offices of Bruce E. Baldinger. (Def. Mot. 1-2.) The Court notes that the Complaint is devoid

2

collection activity against Plaintiff, including: "telephoning plaintiff, sending emails, sending written correspondence to plaintiff and others, enforcing the judgment, issuing writs of execution and garnishment." (Compl. ¶ 28.) Plaintiff asserts that these communications failed to comply with the requirements of the FDCPA because Defendants used threatening and obscene language, Defendants failed to identify themselves and state that Plaintiff owed a debt, and the communications occurred at unusual times and in unusual places such as his place of employment. (Compl. ¶¶ 30-32.)

On or about February 8, 2011, Judge Sheridan ordered Baldinger to show cause why the default judgment entered against Plaintiff should not be vacated and temporarily enjoined Baldinger from enforcing the judgment. (Compl. ¶ 33.) On or about February 28, 2011, the default judgment was vacated. (Compl. ¶ 33.) Plaintiff asserts that Defendants continued their collection activities even after the temporary restraining order was entered by seeking a writ of execution to be issued to Plaintiff's bank and garnishing Plaintiff's bank accounts. (Compl. ¶ 34, 37.)

On April 22, 2011, Plaintiff filed his Complaint in this action asserting violations of the FDCPA and New York

of any facts regarding any of the individual Defendants with the exception of Baldinger.

General Business Law § 349 arising out of Defendants' attempts to collect on the default judgment.

Defendants, represented by Baldinger, an attorney admitted in the Eastern District of New York, moved to dismiss the Complaint (1) for failure to state a claim, FED. R. CIV. P. 12(b)(6), (2) for improper venue, FED. R. CIV. P. 12(b)(3), and (3) as against Defendants Teichman and Galler for lack of personal jurisdiction, FED. R. CIV. P. 12(b)(2).[4]  Plaintiff opposed the motion to dismiss and moved to disqualify Baldinger as defense counsel and to strike all of his filings in this action for violating New York Judiciary Law § 470.  Because the Court finds that dismissal is proper under Rule 12(b)(6) and all of Plaintiff's motions are meritless, the Court will not address Defendants' other arguments.

DISCUSSION

I.   Standard under Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).  First, although the Court must accept all allegations as true, this "tenet" is

---

[4] In the alternative, Defendants argue that the action should be dismissed or transferred to the District of New Jersey pursuant to the first-filed rule.

"inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft, 129 S. Ct. at 1949). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Pro se plaintiffs enjoy a somewhat more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations marks and citations omitted). However, pro se plaintiffs must still "comport with the procedural and substantive rules of law." Javino v. Town of Brookhaven, 06-CV-1245, 2008 WL 656672, at *3 (E.D.N.Y. Mar. 4, 2008).

II. Fair Debt Collection Practices Act

The FDCPA provides a cause of action for consumers who have been exposed to "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). As a threshold matter, a suit brought under the FDCPA must involve a "debt" within the meaning of the statute. See Shmerkocvich v. RMC Consulting Grp. LLC, No. 09-CV-5490, 2011 WL 887871, at *4 (E.D.N.Y. Jan. 31,

2011), adopted by 2011 WL 900850 (E.D.N.Y. Mar. 14, 2011); Beal

v. Himmel & Bernstein, LLP, 615 F. Supp. 2d 214, 216 (S.D.N.Y.

2009).    Defendants argue that Plaintiff's FDCPA claims do not

involve a "debt" and thus must be dismissed.   The Court agrees.

> The statute defines "debt" as:
>
>> any obligation or alleged obligation of a
>> consumer to pay money arising out of a
>> transaction in which the money, property,
>> insurance, or services which are the subject
>> of the transaction are primarily for
>> personal, family, or household purposes,
>> whether or not such obligation has been
>> reduced to judgment.

15 U.S.C. § 1692a(5).   Although the FDCPA does not define

"transaction," the Second Circuit has held that "at a minimum,

the statute contemplates that the debt has arisen as a result of

the rendition of a service or purchase of property or other item

of value."   Beggs v. Rossi, 145 F.3d 511, 512 (2d Cir. 1998)

(citation omitted).

Plaintiff's FDCPA claims here, however, do not involve

a debt incurred as a result of services rendered or property or

goods delivered.   Rather, they arise out of Defendants' attempt

to collect on a tort judgment.   This is not the type of "debt"

contemplated by the FDCPA.   See, e.g., Beal, 615 F. Supp. 2d at

217 (dismissing FDCPA claim arising from collection of court-

ordered attorneys' fees because debt "was not incurred by

plaintiff as a consumer to receive goods or services");

6

Shmerkocvich, 2011 WL 887871, at *4 (stating that law firm's attempt to collect costs and expenses awarded in a personal injury lawsuit is not subject to the FDCPA); see also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (holding that "the obligation to pay for criminal or tortious actions does not constitute a 'debt'"); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1373 (11th Cir. 1998) (holding that "tort obligation . . . does not constitute a 'debt' under the plain language of the FDCPA or any of the applicable case law"); Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,102 (stating that tort claims are excluded from the definition of "debt" under the FDCPA). The fact that the judgment sought to be enforced may not have been valid does not change the fact that the underlying transaction was not a consumer transaction. Thus, Plaintiff's FDCPA claims fail as a matter of law and are hereby DISMISSED.

III. New York Consumer Protection Laws

New York law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. GEN. BUS. LAW § 349. "To state a cause of action under § 349, a plaintiff must allege (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury

7

resulting from such act." Exxonmobile Inter-America, Inc. v. Advanced Info. Eng'g Servs., Inc., 328 F. Supp. 2d 443, 447 (S.D.N.Y. 2004) (emphasis added). Defendants assert that Plaintiff's claims must fail because his Complaint does not allege any "consumer-oriented" conduct on the part of the Defendants. The Court agrees.

A threshold issue in every § 349 case is whether Defendants' conduct was "consumer-oriented." See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 647 N.E.2d 741, 744, 623 N.Y.S.2d 529, 532 (1995). "Consumer-oriented conduct does not necessarily require repetition or a pattern of deceptive behavior, but to state a claim of consumer-oriented deception, a plaintiff must allege that the disputed acts or practices have a broader impact on consumers at large." Exxonmobile, 328 F. Supp. 2d at 447. Plaintiff has failed to do that here.

"In New York law, the term 'consumer' is consistently associated with an individual or natural person who purchases goods, services or property for 'personal, family or household purposes.'" Cruz v. Nynex Info. Res., 263 A.D.2d 285, 289, 703 N.Y.S.2d 103, 106 (1st Dep't 2000) (citations omitted); see also Genesco Entm't, a Div. of Lymutt Indus., Inc. v. Koch, 593 F. Supp. 743, 751 ("The typical violation contemplated by the statute involves an individual consumer who falls victim to

misrepresentations made by a seller of consumer goods."). As explained above, there was no consumer transaction here--there was no purchase or sale of goods or services. Rather, this case involves attempts to collect on an allegedly invalid judgment against a tortfeasor. This is not the type of conduct that impacts purchasers or sellers of consumer goods at large. Thus, Plaintiff has failed to state a claim under § 349, and these state law claims are also DISMISSED.

IV. New York Judiciary Law § 470

Plaintiff argues in separate motions that (1) Defendants' motion to dismiss must be stricken and thus denied, (2) Baldinger must be disqualified as counsel for Defendants, and (3) Baldinger must be held in criminal contempt--all for violating New York Judiciary Law § 470. For the following reasons, Plaintiffs' motions are DENIED.

Section 470 of the New York Judiciary Law provides:

A person regularly admitted to practice as an attorney and counselor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counselor, although he resides in an adjoining state.

Plaintiff argues that because Baldinger does not have an office in New York, he cannot represent Defendants in this action and all his filings must be stricken. This is incorrect.

9

"Nearly a century of Supreme Court precedent has established that practice before federal courts is not governed by state court rules." Amusement Indus., Inc. v. Midland Ave. Assocs., LLC, No. 10-CV-5064, 2011 WL 3463117, at *6 (S.D.N.Y. Aug. 5, 2011) (internal quotation marks and citations omitted). "'Admission to practice law before a state's courts and admission to practice before the federal courts in that state are separate, independent privileges.'" Id. (quoting In re Poole, 222 F.3d 618, 620 (9th Cir. 2000)). Therefore, it is the rules of this Court, not the rules of the New York Judiciary Law that govern this action. Since Baldinger is admitted to the bar in the Eastern District of New York, he may represent Defendants in this matter. As such, Plaintiff's motions to strike Defendants' motion to dismiss, to disqualify counsel and to hold Baldinger in criminal contempt (Docket Entries 13, 15, 16, 19) are all DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss (Docket Entry 5) is GRANTED, and Plaintiff's motions (Docket Entries 13, 15, 16, 19) are DENIED. The Clerk of the Court is directed to mark this matter closed and to terminate all other pending motions as moot.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    October __24__, 2011
          Central Islip, NY